# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Charles W. Chaffin,**
**Petitioner Below, Petitioner**

**vs.) No. 19-0580** (Jackson County 19-C-29)

**Donnie Ames, Superintendent,**
**Mt. Olive Correctional Complex,**
**Respondent Below, Respondent**

**FILED**
**April 28, 2020**
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Charles W. Chaffin, self-represented litigant, appeals the May 31, 2019, order of the Circuit Court of Jackson County dismissing his second petition for a writ of habeas corpus. Respondent Donnie Ames, Superintendent, Mt. Olive Correctional Complex, by counsel Andrea Nease Proper, filed a response in support of the circuit court's order.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On October 24, 2001, petitioner was indicted on one count of first-degree murder in the Circuit Court of Jackson County. On April 1, 2002, petitioner and the State entered into a plea agreement pursuant to which petitioner pled guilty to first-degree murder in exchange for a non-binding recommendation by the State that he be sentenced to a life term of incarceration with the possibility of parole.

At the May 20, 2002, sentencing hearing, the circuit court questioned petitioner and his trial counsel regarding the May 19, 2002, presentence investigation report ("PSI report"). Trial counsel advised the circuit court that he received a copy of the PSI report, reviewed it, and discussed it with petitioner. Petitioner acknowledged that he had the opportunity to read and

1

discuss the PSI report with trial counsel. Finally, the circuit court asked petitioner whether there were "any issues of fact or statement[s] of fact in this [PSI] report that you take issue with, or you challenge as being erroneous?" Petitioner answered, "No, Sir." By order entered on May 21, 2002, the circuit court sentenced petitioner to a life term of incarceration without the possibility of parole. Petitioner appealed the circuit court's May 21, 2002, order to this Court which refused the appeal on May 16, 2003.

On August 29, 2003, petitioner filed a petition for a writ of habeas corpus. By order entered on September 3, 2003, the circuit court appointed habeas counsel for petitioner. On November 12, 2003, petitioner filed an amended habeas petition raising, as one of his claims of ineffective assistance of trial counsel, that: "Trial counsel failed to object to the delay in receiving the [PSI] report[,] and the result of said delay did not permit . . . [p]etitioner to have adequate time to review said [PSI] report. Further, [p]etitoner has never been permitted to have a copy of the [PSI] report." The circuit court held "[e]videntiary hearings . . . on the amended petition."[1] By order entered on May 18, 2007, the circuit court denied the amended petition. In rejecting petitioner's ineffective assistance claims, the circuit court found that trial counsel's testimony was "more credible, convincing[,] and trustworthy than the testimony of [p]etitioner" and that there was "no violation . . . regarding sentencing and [the PSI] reports [sic]." Petitioner appealed the circuit court's May 18, 2007, order to this Court which refused the appeal on January 10, 2008.

On April 23, 2019, petitioner filed the instant habeas petition, alleging that counsel in his first habeas proceeding failed to raise the following issue:

> Trial counsel failed to file a contemporaneous objection at . . . [p]etitioner's sentencing hearing to the delay in receiving the [PSI] report, thereby prejudicing him, because he did not have sufficient time to review the [PSI] report. . . . Due to the fact . . . [p]etitioner did not have the chance to conduct a meaningful review of said [PSI] report, he was also denied the right to investigate and/or correct the information set forth in the [PSI] report, which may not have been accurate information upon which to base the sentence.

By order entered on May 31, 2019, the circuit court determined that a hearing and the appointment of counsel were unnecessary because the record showed that petitioner's claim was "factually incorrect." The circuit court found that habeas counsel "*did* raise" trial counsel's failure to object to the late receipt of the PSI report in the first such proceeding, which issue was "finally adjudicated" in the court's May 18, 2007, order. Accordingly, the circuit court dismissed the instant petition.

Petitioner now appeals the circuit court's May 31, 2019, order. This Court reviews a circuit court order dismissing a habeas petition under the following standard:

---

[1] The dates of the evidentiary hearings in petitioner's first habeas proceeding are not reflected in the appellate record.

2

"In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review." Syl. Pt. 1, *Mathena v. Haines*, 219 W. Va. 417, 633 S.E.2d 771 (2006).

Syl. Pt. 1, *Anstey v. Ballard*, 237 W. Va. 411, 787 S.E.2d 864 (2016). However, because we have before us the dismissal of petitioner's *second* habeas petition, we first consider the application of Syllabus Point 4 of *Losh v. McKenzie*, 166 W. Va. 762, 277 S.E.2d 606 (1981), in which this Court held, in pertinent part, that "[a] prior omnibus habeas corpus hearing is *res judicata* as to all matters raised and as to all matters known or which with reasonable diligence could have been known," but that "an applicant may still petition the court on the following grounds: ineffective assistance of counsel at the omnibus habeas corpus hearing[.]"

On appeal, petitioner argues that the circuit court erred in dismissing the instant petition prior to a hearing and the appointment of counsel because he raised the issue of ineffective assistance of habeas counsel. Respondent counters that the circuit court properly dismissed the petition. We agree with respondent. In *Anstey*, we reiterated that:

"'[a] court having jurisdiction over habeas corpus proceedings may deny a petition for a writ of habeas corpus without a hearing and without appointing counsel for the petitioner if the petition, exhibits, affidavits or other documentary evidence filed therewith show to such court's satisfaction that the petitioner is entitled to no relief.' Syllabus Point 1, *Perdue v. Coiner*, 156 W. Va. 467, 194 S.E.2d 657 (1973)." Syl. Pt. 2, *White v. Haines*, 215 W. Va. 698, 601 S.E.2d 18 (2004).

Syl. Pt. 3, *Anstey*, 237 W. Va. at 411, 787 S.E.2d at 864.

Here, the circuit court determined that a hearing and the appointment of counsel were not necessary because the record showed that petitioner's claim was "factually incorrect." Based on our review of the record, we concur with the circuit court's finding that contrary to petitioner's contention, habeas counsel did raise trial counsel's failure to object to the late receipt of the PSI report in the first such proceeding, which issue was "finally adjudicated" in the court's May 18, 2007, order. Therefore, we conclude that the circuit court's dismissal of the instant habeas petition did not constitute an abuse of discretion.

For the foregoing reasons, we affirm the circuit court's May 31, 2019, order dismissing petitioner's second petition for a writ of habeas corpus.

Affirmed.

**ISSUED:** April 28, 2020

**CONCURRED IN BY:**

Chief Justice Tim Armstead
Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Evan H. Jenkins

**DISQUALIFIED:**

Justice John A. Hutchison